IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FRAZEL BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. |
| EBRO, LLC, UUGANBAYAR ERDENEBILEG, and NORTHLAND INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff in the above-styled action and hereby files her Complaint as follows:

1.

Plaintiff Frazel Brown is a citizen of the state of Georgia, residing at 320 Southgate Drive, Locust Grove, Spalding County, Georgia 30248.

2.

Defendant EBRO, LLC (hereinafter referred to as "Defendant(s)" or "EBRO") is a corporation doing business in the state of California. Defendant

EBRO may be served via its registered agent, Zolzaya Enkhsaikhan at 904 Silver Spur Road 338, Rolling Hills Estates, CA 90274. Defendant EBRO's principal place of business is 904 Silver Spur Road 338, Rolling Hills Estates, CA 90274, and its state of incorporation is California. Therefore, Defendant EBRO is a citizen of the state of California.

3.

Jurisdiction and venue are proper as to Defendant EBRO.

4.

Defendant EBRO has been properly served with process in this action.

5.

Defendant Uuganbayar Erdenebileg (hereinafter referred to as "Defendant(s)" or "Erdenebileg") may be served at his personal residence, 9450 W. Hacienda Avenue, #118, Las Vegas, Clark County, NV 89148. Defendant Erdenebileg is a citizen of the state of Nevada.

6.

Jurisdiction and venue are proper as to Defendant Erdenebileg.

7.

Defendant Erdenebileg has been properly served with process in this action.

8.

At the time of the subject collision, Defendant Northland Insurance Company (hereinafter also referred to as "Defendant(s)" or "Northland") provided a policy of liability insurance on behalf of Defendants, motor carriers for hire, the same being policy of insurance number WF007379. Said policy was in effect on August 2, 2019, including at the time of the subject collision. Defendant Northland is subject to suit by direct action pursuant to the provisions of O.C.G.A. §§ 40-1-112 and 40-2-140. Defendant Northland was incorporated in the state of Connecticut and has its principle place of business in the state of Connecticut and is therefore a citizen of the state of Connecticut. Service may be made upon Defendant Northland's registered agent, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Gwinnett County, Georgia 30092.

9.

Jurisdiction and venue are proper as to Defendant Northland.

10.

Defendant Northland has been properly served with process in this action.

11.

The amount in controversy in this action exceeds the sum of Seventy-Five Thousand ($75,000.00) dollars, exclusive of the interests and costs.

12.

The Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332, because there is complete diversity between the parties.

13.

The acts, omissions, and other events forming the basis of Plaintiff's Complaint occurred within the state of Georgia, in Henry County. The traffic incident occurred in Henry County, Georgia. Defendants EBRO and Erdenebileg are non-resident defendants using Georgia public roadways. Defendant Northland's registered agent is in Gwinnett County, Georgia. Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391.

14.

At approximately 2:20 p.m. on August 2, 2019, Plaintiff's vehicle was stopped behind the vehicle operated by Defendant Erdenebileg. Defendant Erdenebileg, without signal or warning, backed the tractor-trailer he was operating into the front of the vehicle operated by Plaintiff. Erdenebileg negligently failed to keep a proper lookout and improperly backed up his vehicle causing the subject collision and Plaintiff's injuries.

15.

The collision was caused by Defendant Erdenebileg's negligent failure

to keep a proper lookout and improper backing and caused injury and damage to Plaintiff.

16.

As a direct and proximate result of Defendants negligence, Plaintiff sustained permanent injuries.

17.

At all times mentioned herein, Plaintiff acted with reasonable care under the conditions and circumstances then existing.  Plaintiff did not cause or contribute to the cause of the collision.

18.

Defendants negligence included, but is not limited to, one or more of the following: negligently failing to keep a proper lookout, improper backing in violation of O.C.G.A. § 40-6-240, negligently causing a collision in the roadway, negligently failing to maintain his tractor-trailer under proper control, negligently failing to use or sound a signal or warning, negligently failing to make timely and proper application of brakes, and any other acts of negligence that may be proven at trial.

19.

As a result of his collision with the vehicle in which Plaintiff was a passenger, Defendant Erdenebileg was charged with violation of O.C.G.A. §

40-6-240, improper backing. Defendant Erdenebileg either pled guilty or simply paid a fine to the offense for which he was charged.

20.

At the time of the subject incident and all relevant times, Defendant Erdenebileg was acting at the direction and under the control of Defendant EBRO, was an agent and employee of Defendant EBRO, operating Defendant's tractor-trailer in the course and scope of his employment with Defendant EBRO, with Defendant EBRO's permission. Defendants are jointly and severally liable and EBRO is liable for the actions of Defendant Erdenebileg under theories of *Respondeat Superior*, vicarious liability, and agency principles.

21.

Defendant Erdenebileg failed to operate EBRO's tractor-trailer with the due care exercised by individuals in like or similar circumstances and operated the tractor-trailer in a manner showing a disregard for the safety of others, including Plaintiff.

22.

Defendants' actions constituted negligence in operating the tractor-trailer contrary to the reasonable and safe conditions and circumstances then existing.

23.

Defendants' actions constituted negligence by engaging in a driving manner which was ill-timed and improper, causing danger, injuries, damages, losses, physical pain and emotional distress to Plaintiff.

24.

Defendants were negligent in failing to adhere to routine and common industry standards regarding operation of the tractor-trailer at issue, including negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Plaintiff.

25.

Because Defendants had knowledge of, or in the exercise of reasonable care should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by their actions, Defendants are liable for the negligent supervision, hiring, training, and retention of their management, agents and employees and the entrustment of said tractor-trailer to said management, agents and employees.

26.

Defendants were negligent in failing to promulgate and enforce company policies, procedures and rules for the protection of the public, including but not limited to Plaintiff.

27.

Defendants failed to adhere to pertinent aspects of Georgia motor vehicle laws and regulations, Georgia motor carrier regulations, and all applicable Federal motor carrier regulations.

28.

Defendants were and are negligent *per se*.

29.

Defendants were negligent for all other acts of negligence as may be shown at trial.

30.

Plaintiff sustained injuries and damages, which were directly and proximately caused by the negligence of the Defendants.

31.

But for the negligence of Defendants, Plaintiff would not have suffered serious injury, physical pain, mental and psychological suffering, inconvenience, and other injuries and damages as proven at the trial of this matter.

32.

As a result of Defendants' negligence, Plaintiff has incurred reasonable and necessary medical expenses from the injuries, exceeding $20,000.00.

33.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential and/or other damages permitted.  Plaintiff states her intention to seek all compensatory, special, economic, consequential, general, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Past, present and future pain and suffering;

c) Mental anguish;

d) Loss of the capacity for the enjoyment of life;

e) Economic losses;

f) Incidental expenses;

g) Past, present and future medical expenses, exceeding $20,000.00;

h) Permanent injuries; and

i) Consequential damages to be proven at trial.

34.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all of the above stated acts were the proximate causes of the injuries to Plaintiff.  The

Defendants are jointly and severally liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Georgia.

35.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant Northland is liable to Plaintiff and responsible for payment of damages incurred by Plaintiff as a result of the negligent acts of Defendants EBRO and Erdenebileg.

**WHEREFORE**, the Plaintiff prays for a judgment to be awarded to her and against the Defendants for the following:

a) Process issue as provided by law;

b) Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendants;

c) Plaintiff be awarded all general, special, compensatory, economic, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia and Federal law;

d) Plaintiff be awarded a trial by jury, and;

e) Plaintiff have such other relief as this Court deems just and appropriate under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

This 10th day of February, 2021.

                                        Respectfully Submitted,

                                        **WOOD CRAIG & AVERY, LLC**

                                        By: /s/ Harlan H. F. Wood
                                        **HARLAN H. F. WOOD**
                                        Georgia Bar No. 774205
                                        Attorney for Plaintiff

3520 Piedmont Road, NE
Suite 280
Atlanta, GA 30305
(404) 888-9962
Fax: (404) 759-2326
Email:  harlan@woodcraig.com

## **CERTIFICATION**

Counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in LR 5.1C, N.D. Ga., specifically 13-point, Century Schoolbook.

                                        By: /s/ Harlan H. F. Wood
                                        **HARLAN H. F. WOOD**
                                        Georgia Bar No. 774205
                                        Attorney for Plaintiff